PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| **DODOTS LICENSING SOLUTIONS LLC,** | |
| **Plaintiff,** | |
| **v.** | |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., BEST BUY STORES, L.P., BESTBUY.COM, LLC, AND BEST BUY TEXAS.COM, LLC,** | **Case No. 6:22-cv-00535-ADA-DTG** |
| **Defendants.** | |

## DEFENDANTS' OPPOSED MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................ 1

II.  BACKGROUND ................................................................................................................. 2

    A.  The Asserted Patents ................................................................................................ 2

    B.  DoDots' Connections to California .......................................................................... 2

    C.  The Accused Functionality Was Developed in Korea and NDCA ......................... 3

    D.  Best Buy Has No Relevant Connection to WDTX ................................................. 6

III.  LEGAL STANDARD ........................................................................................................ 6

IV.  ARGUMENT ..................................................................................................................... 7

    A.  This Case Could Have Been Brought in NDCA ...................................................... 8

    B.  NDCA Is the Most Convenient Forum for This Case .............................................. 8

        1.  Private Factor 1: Ease of Access to Proof Favors NDCA ......................... 8

        2.  Private Factor 2: Availability of Compulsory Process Favors NDCA ..... 10

        3.  Private Factor 3: Willing Witnesses' Cost of Attendance Favors NDCA 11

        4.  Private Factor 4: Other Practical Considerations Favor NDCA ............... 12

        5.  Public Factor 1: Administrative Difficulties Are Neutral ......................... 14

        6.  Public Factor 2: Local Interest Favors NDCA ......................................... 14

        7.  Public Factor 3: Familiarity with the Law Is Neutral .............................. 15

        8.  Public Factor 4: Conflict of Law Is Neutral ............................................. 15

V.  CONCLUSION .................................................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                    **Page(s)**

*In re Acer Am. Corp.*,
   626 F.3d 1252 (Fed. Cir. 2010)...................................................................................10

*ACQIS LLC v. EMC Corp.*,
   67 F. Supp. 3d 769 (E.D. Tex. 2014) ..........................................................................15

*Alacritech Inc. v. CenturyLink, Inc.*,
   No. 2:16-CV-00693, 2017 WL 4155236 (E.D. Tex. Sept. 19, 2017).....................11

*Correct Transmission LLC v. ADTRAN, Inc.*,
   No. 6:20-CV-00669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021) ...........12

*DataQuill, Ltd. v. Apple, Inc.*,
   A-13-CA-706-SS, 2014 WL 2722201 (W.D. Tex. Jun. 13, 2014).....................2, 14

*In re Dish Network LLC*,
   No. 21-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021)........................................2

*DoDots Licensing Solutions, LLC v. Apple, Inc., et al.*,
   No. 6:22-cv-00533 (W.D. Tex.).....................................................................................13

*DoDots v. Apple*,
   No. 6:22-cv-00533, Dkt. 60 ..........................................................................................13

*DynaEnergetics Eur. GMBH v. Hunting Titan, Inc.*,
   No. 6:20-CV-00069-ADA, 2020 WL 3259807 (W.D. Tex. Jun. 16, 2020)...........13

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009)............................................................................10, 11

*In re Google*,
   No. 21-171, 2021 WL 4592280 (Fed. Cir. Oct. 6, 2021)......................8, 9, 11, 14

*InfoGation v. Google, Inc.*,
   No. 20-cv-366-ADA, 2021 WL 5547070 (W.D. Tex. Apr. 29, 2021) ...................11

*In re Juniper Networks, Inc.*,
   14 F.4th 1313 (Fed. Cir. 2021) ................................................................................2, 7

*MemoryWeb, LLC v. Samsung Elecs. Co.*,
   No. W-21-CV-00411, 2022 WL 2195025 (W.D. Tex. Jun. 17, 2022) (Albright, J.) ...............7

*In re Pandora Media LLC*,
   No. 21-172, 2021 WL 4772805 (Fed. Cir. Oct. 13, 2021)................................11, 12

*In re Samsung Elecs. Co., Ltd.*,
   2 F.4th 1371 (Fed. Cir. 2021) ........................................................................ *passim*

*Scorpcast LLC v. MG Freesites Ltd.*,
   No. 6:20-cv-877-ADA, 2021 WL 7286024 (W.D. Tex. Jun. 21, 2021)...................................10

*SynKloud Techs., LLC v. Dropbox, Inc.*,
   No. 6:19-CV-00525-ADA, 2020 WL 2494574 (W.D. Tex. May 14, 2020) .........................11

*Triller, Inc. v. ByteDance, Ltd.*,
   No. 6-20-CV-00693-ADA, 2021 WL 3913589 (W.D. Tex. Jul. 9, 2021).............................12

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008)..............................................................................6

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ................................................................7, 11, 12, 14

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ........................................................................ *passim*

*In re Zimmer Holdings, Inc.*,
   609 F. 3d 1378 (Fed. Cir. 2010)..............................................................................15

**Statutes**

28 U.S.C. § 1391(c)(3)...................................................................................................8

28 U.S.C. § 1400(b)......................................................................................................6

28 U.S.C. § 1404(a) ..............................................................................................1, 6, 7

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung"), Best Buy Stores, L.P., BestBuy.com, LLC, and Best Buy Texas.com, LLC (collectively, "Best Buy") (together, "Defendants") move to transfer this action to the Northern District of California ("NDCA") under 28 U.S.C. § 1404(a), because it is a significantly more convenient forum than the Western District of Texas ("WDTX").

## I.    INTRODUCTION

This case has no discernible or rational relationship to WDTX.  Rather, Plaintiff appears to have filed suit in this district merely for some perceived strategic advantage.  The Court should reject this gamesmanship and transfer the case to NDCA, which is where the overwhelming majority, if not all, of the U.S.-based connections to Plaintiff's infringement allegations exist.  The applicable private and public interest factors that courts consider most important—i.e., convenience of witnesses, compulsory process for third-parties, and the location of evidence—all favor transfer to NDCA.  The Federal Circuit has compelled transfer under similar circumstances. *See In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021) (reversing denial of transfer motion where "many identified sources of proof and likely witnesses are in Northern California and none in the Western District of Texas").

DoDots' infringement allegations center on how the Google Android OS running on the Accused Samsung Devices purportedly retrieves and displays, through graphical user interfaces ("GUIs"), content in downloaded apps.  Google is based in Mountain View, CA, which is part of NDCA.  SEC and its subsidiary, Samsung Research America ("SRA"),[1] collaborate with ███████ in either Mountain View, CA, where SRA is also based, or Korea to implement the relevant functionality.  ***None*** of the accused functionality has been developed, designed, engineered, or

---

[1]    SRA is not a defendant in this lawsuit.

manufactured by Samsung in WDTX.  DoDots does not allege otherwise.  Moreover, the named

inventors all reside in NDCA, and DoDots and its predecessors-in-interest are California-based.

DoDots does not allege that it conducts business in Texas.  These reasons, along with the location

of the parties, relevant third-parties, and evidence, all strongly favor transfer to NDCA.  *See In re*

*Dish Network LLC*, No. 21-182, 2021 WL 4911981, at *2 (Fed. Cir. Oct. 21, 2021) ("As in

*Samsung*, *Apple*, and *Juniper*, the center of gravity of this patent infringement action is clearly in

[California], not in Western Texas.").

## II.    BACKGROUND

### A.    The Asserted Patents

Plaintiff DoDots Licensing Solutions, LLC's ("DoDots") complaint alleges that Samsung

infringed the now-expired U.S. Patent Nos. 9,369,545 ("the '545 patent"), 8,020,083 ("the '083

patent"), and 8,510,407 ("the '407 patent") (collectively, "the asserted patents").[2]  *See* Dkt. 29

(First Am. Compl., or "FAC").  The asserted patents generally describe devices and methods for

accessing/receiving content and displaying it on an electronic device.[3]  *See* FAC, Ex. 5 ('545

patent) at Abstract; FAC, Ex. 6 ('083 patent) at Abstract; FAC, Ex. 7 ('407 patent) at Abstract.

### B.    DoDots' Connections to California

The three asserted patents name 11 inventors in total, all of whom are identified as residents

of NDCA.  *See* FAC, Ex. 5 ('545 patent) (listing 8 inventors collectively from Palo Alto, Menlo

Park, and Sunnyvale, CA); FAC, Ex. 6 ('083 patent) (listing 10 inventors collectively from Palo

---

[2]    DoDots' complaint also alleges that Best Buy infringed the '083 patent and the '407 patent. Best Buy and Samsung have moved to sever and stay DoDots' claims against Best Buy under the customer-suit exception.  *See* Dkt. 45.

[3]    The '545 patent recites methods of obtaining and displaying content over a network to a user. *E.g.*, FAC, Ex. 5 ('545 patent) at cl. 1.  The '083 patent teaches a client device that displays received content, or a method of presenting content to a user.  *E.g.*, FAC, Ex. 6 ('083 patent) at cls. 1, 9.  The '407 patent is drawn to a client device configured to access and present content, or a method for the same.  *E.g.*, FAC, Ex. 7 ('407 patent) at cls. 1, 13.

Alto, Menlo Park, San Francisco, and Mountain View, CA); FAC, Ex. 7 ('407 patent) (listing 8 inventors collectively from Palo Alto, Menlo Park, and Sunnyvale, CA).   All of DoDots' predecessors-in-interest with respect to the asserted patents were located in California.  *See* Ex. 1 (assignment history of the '083 patent); Ex. 2 (assignment history of the '407 patent); Ex. 3 (assignment history of the '545 patent).  Likewise, DoDots states in its complaint that its business address is in California: "DoDots is a Texas limited liability company with a place of business at 32932 Pacific Coast Highway #14-164, Dana Point, CA 92629."  FAC, ¶ 1.  As DoDots' name (DoDots Licensing Solutions, LLC) suggests, DoDots apparently has an ephemeral connection to Texas for patent enforcement purposes.  DoDots registered as a business entity in Texas in November 2018, a month before executing and recording with the USPTO an agreement purportedly assigning the asserted patents to DoDots from a predecessor-in-interest.  *See* Ex. 4 (showing DoDots' November 2017 registration as an LLC in Texas); Ex. 5 (showing the December 2017 assignment recorded with the USPTO).  In its registration with the Texas Secretary of State, DoDots listed an address in Laguna Niguel, CA, *see* Ex. 4, and in the recorded assignment, DoDots listed an address in Laguna Beach, CA, *see* Ex. 5.  Although DoDots' complaint avers that DoDots is registered to do business in Texas, FAC, ¶ 1, the complaint does not allege that DoDots conducts business in Texas, nor does it identify any business address in Texas belonging to DoDots, *see generally* FAC.

### C.     The Accused Functionality Was Developed in Korea and NDCA

DoDots' infringement allegations identify certain Samsung mobile phones and tablets ("Accused Samsung Devices"), "Accused Samsung Software" (which is built upon Google Android software), and "Samsung-Supported Apps" as the accused functionality.  *See* FAC, ¶¶ 58-60.  The accused functionality specifically relates to how Google Android, which is the operating system on the Accused Samsung Devices, enables app-related retrieval and display of content

through GUIs.  *See* FAC, ¶¶ 58-62.  DoDots' preliminary infringement contentions, served on Tuesday, December 6, 2022, confirm that DoDots' infringement theory focuses on the alleged use of Google Android Package, or "APK," files, which allegedly "include[] [a] definition of a viewer graphical user interface."  Ex. 6 ('083 Pat. Infr. Cont.) at 7; Ex. 7 ('407 Pat. Infr. Cont.) at 7; *see also* Ex. 8 ('545 Pat. Infr. Cont.) at 7-12.  DoDots contends that the Google APK file defines the size, color, and other physical attributes of elements within a GUI, which it alleges satisfies the asserted claims.  Ex. 6 ('083 Pat. Infr. Cont.) at 19; Ex. 7 ('407 Pat. Infr. Cont.) at 38; Ex. 8 ('545 Pat. Infr. Cont.) at 44.

This accused functionality was not developed in WDTX.  Instead, the relevant Google and Samsung teams who have developed, certified, and maintained the accused functionalities are located in NDCA and Korea.  *First*, Google—who developed the Android OS that is the foundation of DoDots' contentions—is headquartered in Mountain View, CA.  Ex. 9, Mamadgi Decl., ¶ 4.  Google provides Samsung with the Android OS to use in the Accused Samsung Devices.  *Id.*

*Second*, third-party SRA has a Mobile Platform Lab, which includes the



team.  This team, like Google, is located in Mountain View, CA.  Ex. 10, Park Decl., ¶¶ 4-5.  The

collectively include 14 employees, all of whom reside in Mountain View, CA or Seoul, Korea. Ex. 9, Mamadgi Decl., ¶ 7.

*Id.* at ¶¶ 1, 5-12; Ex. 10, Park Decl., ¶¶ 1, 4-5.

Ex. 9, Mamadgi Decl., ¶¶ 5-7.



*Id.* at ¶¶ 8-11.

*Id.* at ¶¶ 8, 12.  The documents for these activities reside in both Mountain View, CA and Korea.  *Id.* at ¶ 9.

    *Third*, SEC's Korea-based Strategic Partnership Research & Development ("SP R&D") team contains a sub-team, called SP R&D Part 1,

Ex. 10, Park Decl., ¶ 6; Ex. 11, Kim Decl., ¶¶ 4-7.  SP R&D Part 1 contains 20 employees located in Korea.  Ex. 10, Park Decl., ¶ 6.

Ex. 11, Kim Decl., ¶ 5.

*Id.* at ¶ 7.

    *Fourth*, SEC in Korea conducts all design and engineering work relating to Samsung's Galaxy App Store for downloading mobile apps.  Ex. 10, Park Decl., ¶ 7.

    Further, neither of the Samsung defendants, SEC and SEA, have any relationship to WDTX that is relevant to this case.  As an initial matter, SEA is not responsible for developing or maintaining the accused functionality.  *See generally* Ex. 10, Park Decl.; Ex. 9, Mamadgi Decl.; Ex. 11, Kim Decl.  SEA is a New York company with a principal place of business in New Jersey. *See* FAC, ¶ 4; Ex. 12, Finnegan Decl. ¶ 2.  SEA has facilities throughout California, including in Mountain View, Playa Vista, Irvine, Rancho Dominguez, Cerritos, and San Diego.  Ex. 12,

Finnegan Decl., ¶ 7.  In Mountain View alone, SEA has over 220 regular full-time employees.  *Id.*  DoDots' complaint alleges that certain other addresses within WDTX (including Austin) belong to SEA, but DoDots' allegations on this point are simply incorrect.[4]

### D.  Best Buy Has No Relevant Connection to WDTX

DoDots does not allege that Best Buy is responsible for the development of the accused functionality, and it is not.  Instead, DoDots' allegations are limited to Best Buy's alleged sales of the accused Samsung devices, which are nationwide.  *See* FAC, ¶¶ 23-26, 108-11, 140, 146; *see generally* Ex. 13 ('083 Pat. Inf. Cont. against Best Buy); Ex. 14 ('407 Pat. Inf. Cont. against Best Buy).  DoDots thus provides no reason why any relevant technical documents or witnesses in connection with Best Buy would reside in WDTX.  Moreover, Best Buy's corporate headquarters is in Richfield, MN, where all the named Best Buy defendants have their principal places of business, not WDTX.  FAC, ¶¶ 9-11.

## III.  LEGAL STANDARD

In patent cases, 28 U.S.C. § 1404(a) transfer motions are governed by regional circuit law.  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).  Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*") (quoting 28 U.S.C. § 1404(a)).  A patent infringement case may be brought in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).

---

[4]   Specifically, the address at 12100 Samsung Blvd., Austin, TX 78754 is not associated with SEA.  Ex. 12, Finnegan Decl., ¶ 10.  Similarly, the address at 2800 Wells Branch Pkwy, Austin, TX 75082 is not associated with SEA.  *Id.* at ¶ 11.

If the destination had been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *MemoryWeb, LLC v. Samsung Elecs. Co.*, No. W-21-CV-00411, 2022 WL 2195025, at *1 (W.D. Tex. Jun. 17, 2022) (Albright, J.) (citation omitted). The private factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process to secure witnesses' attendance; (3) willing witnesses' cost of attendance; and (4) all other practical considerations that make a trial easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen*"). The public factors include: (1) administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) avoidance of unnecessary conflict of law problems involving foreign law's application. *Id.* Fifth Circuit law "provides that a motion to transfer venue pursuant to section 1404(a) should be granted if 'the movant demonstrates that the transferee venue is clearly more convenient.'" *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1318 (Fed. Cir. 2021) (quoting *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013)). "A court should not deny transfer where 'only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . are in the transferee forum.'" *MemoryWeb*, 2022 WL 2195025, at *1 (quoting *Radmax*, 720 F.3d at 290).

## IV.    ARGUMENT

The Court should transfer this case to NDCA. This case could have been brought in NDCA, as (1) SEA has a number of facilities in California and over 220 full-time employees in Mountain View, CA, and (2) SEC is a foreign corporation. Further, the public and private interest factors weigh in favor of transfer, especially given that there is no apparent connection to WDTX but there are numerous party and third-party sources of evidence and witnesses in NDCA.

### A.    This Case Could Have Been Brought in NDCA

SEA has a number of facilities located in California—including in Mountain View, Playa Vista, Irvine, Rancho Dominguez, Cerritos, and San Diego—and has over 220 regular full-time employees at an established office in Mountain View, CA.   Ex. 12, Finnegan Decl., ¶ 7. Additionally, SEC is a foreign corporation, so venue is proper in any district, including NDCA. 28 U.S.C. § 1391(c)(3).   For these reasons, DoDots could have filed this case in NDCA.   *See Samsung*, 2 F.4th at 1379 (holding that the case against SEC and SEA could have been brought in NDCA).

### B.    NDCA Is the Most Convenient Forum for This Case

The applicable public and private interest factors favor transfer to NDCA.

### 1.    Private Factor 1: Ease of Access to Proof Favors NDCA

The ease of access to sources of proof favors transfer.   DoDots' infringement claims do not implicate products that are made or developed in WDTX, or any relevant sources of evidence there, but do implicate many sources of evidence in NDCA.

*First*, there are no relevant sources of proof in WDTX pertaining to the accused functionality, i.e., the Accused Samsung Devices' use of Android app GUIs.   *See In re Google*, No. 21-171, 2021 WL 4592280, at *7 (Fed. Cir. Oct. 6, 2021) (reversing denial of transfer to NDCA where "there is nothing at all that ties this case to WDTX: no witnesses reside there; no evidence is present there; and none of the conduct giving rise to this action took place there").   No Samsung employees who work on the accused functionality reside in WDTX, nor do the relevant documents reside in WDTX.   *See supra* § II(C).   Likewise, there is no discernible connection between DoDots and WDTX.   None of the 11 inventors named on the asserted patents appear to reside in WDTX.   *See supra* § II(B).   And while DoDots alleges that it is registered to do business in Texas, DoDots does not allege that it actually conducts business in Texas, and identifies no

business address there.  *See id.*  To the extent DoDots has a presence in WDTX at all, which is doubtful, it is "ephemeral, and a construct for litigation and appear[s] to exist for no other purpose than to manipulate venue . . . in anticipation of litigation."  *Samsung*, 2 F.4th at 1378 (citation omitted).  Indeed, DoDots registered as a business entity in Texas just one month before purchasing the asserted patents, strongly suggesting DoDots came to Texas solely to assert its patents.  *See supra* § II(B).

*Second*, by contrast, numerous sources of evidence and witnesses are located in NDCA.  As for DoDots' side of the case, all 11 named inventors appear to reside in NDCA.  *See id.*  All of DoDots' predecessors-in-interest for the asserted patents reside in California.  *See id.*  And the only address DoDots provides for this case is located in California.  *See id.*

Further, the Android OS central to this case is developed by third-party Google, which is headquartered in NDCA, specifically Mountain View, CA.  *See supra* § II(C).  All of the relevant collaboration between Samsung and Google on the accused functionality takes place in either NDCA, specifically Mountain View, CA, or Korea.  *See id.*  ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮

▮▮▮▮▮

| Name | Employer | Location |
|---|---|---|
| ▮▮▮ | SRA (Executive Vice President, oversees ▮▮ team) | Mountain View, CA |
| ▮▮▮▮▮ | SRA ▮ team) | Mountain View, CA |
| ▮▮▮▮ | SRA ▮ team) | Mountain View, CA |
| ▮▮▮ | SRA ▮ team) | Mountain View, CA |
| ▮▮▮▮ | SRA ▮ team) | Mountain View, CA |
| ▮▮▮ | SRA ▮ team) | Mountain View, CA |
| ▮▮▮ | SRA ▮ team) | Mountain View, CA |
| ▮▮ | Google ▮▮▮ | Mountain View, CA |
| ▮▮ | Google ▮▮▮ | Mountain View, CA |
| ▮▮▮ | Google ▮▮▮ | Mountain View, CA |

| Name | Employer | | Location |
|---|---|---|---|
| ███████ | Google | ███ | Seoul, Korea |
| ███████ | Google | ███ | Seoul, Korea |
| ███████ | Google | ███ | Mountain View, CA |
| ███████ | Google | █████ | Seoul, Korea |

Ex. 9, Mamadgi Decl., ¶¶ 6-7.  Above are the primary Samsung individuals involved in certifying and testing the accused features of the Android OS on the Accused Samsung Devices.  Additional witnesses reside in Korea, such as employees in SEC's SP R&D Part 1 team.  *See supra* § II(C).

Comparing the numerous sources of proof in NDCA with the relative absence of such sources in WDTX, the ease of access to evidence factor weighs strongly in favor of proceeding in NDCA.  *See Scorpcast LLC v. MG Freesites Ltd.*, No. 6:20-cv-877-ADA, 2021 WL 7286024, at *3 (W.D. Tex. Jun. 21, 2021).

### 2.      Private Factor 2: Availability of Compulsory Process Favors NDCA

Availability of compulsory process weighs in favor of transfer to NDCA.  Transfer brings certain material third-party witnesses within the subpoena power of NDCA for deposition and trial, which is not the case in WDTX.  *See In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) ("[A] venue's ability to compel testimony through subpoena power is . . . an important factor," and may be "invaluable."); *Samsung*, 2 F.4th at 1379 ("[B]ecause these potential witnesses reside in Northern California, transfer ensures that the transferee court could compel these individuals to appear.").  Subpoena power over third-party witnesses "weighs in favor of transfer, and not only slightly."  *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).

Third-party witnesses from both SRA and Google, as well as the inventors named on the patents-in-suit, are within the subpoena power of NDCA.  *See supra* § II(B)-(C).  Specifically, the individuals within the United States who have knowledge about development and maintenance of the accused functionality in this case are all employees of third-parties SRA and Google, who

collaborate to integrate Google Android OS onto the Accused Samsung Devices.  *See supra* § II(C).  All of these employees reside in Mountain View, CA or Seoul, Korea, and none reside in WDTX.  *See id.*  As "[t]he Fifth Circuit values absolute subpoena power when deciding motions to transfer," this factor likewise favors transfer to NDCA.  *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *4 (E.D. Tex. Sept. 19, 2017) (citing *In re Hoffman–La Roche, Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009)).

### 3. Private Factor 3: Willing Witnesses' Cost of Attendance Favors NDCA

Willing witnesses' cost of attendance favors transfer to NDCA.  "The convenience of witnesses is the single most important factor in the transfer analysis."  *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-CV-00525-ADA, 2020 WL 2494574, at *4 (W.D. Tex. May 14, 2020); *see also In re Pandora Media LLC*, No. 21-172, 2021 WL 4772805, at *3 (Fed. Cir. Oct. 13, 2021) ("[T]he convenience of the witnesses is an important consideration for both party witnesses and non-party witnesses."); *Volkswagen*, 371 F.3d at 204; *Google*, 2021 WL 4592280, at *4 ("[T]he convenience of willing witnesses must be regarded as weighing heavily in favor of transfer because there are several potential witnesses in NDCA and none in WDTX.").

Where, as here, a substantial number of witnesses reside in NDCA and no relevant witnesses reside in WDTX, this factor weighs in favor of transfer to NDCA.  *Genentech*, 566 F.3d at 1345; *see also InfoGation v. Google, Inc.*, No. 20-cv-366-ADA, 2021 WL 5547070, at *3-4 (W.D. Tex. Apr. 29, 2021) (finding party witnesses located in proposed transferee district supports conclusion that transferee district is more convenient).  In *Volkswagen*, the Fifth Circuit held that "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled" when the distance between the existing venue and a proposed venue is more than

100 miles.  371 F.3d at 204-05.  The "100 mile rule" favors transfer if the transferee venue is a shorter distance from witnesses than the transferor venue.  *Volkswagen II*, 545 F.3d at 317.

As explained above, the relevant witnesses in the United States (employees of SRA and Google) are located in Mountain View, CA, and are thus within the subpoena power of NDCA.  *See supra* § II(C).  This Court has afforded greater weight to the convenience of third-party witnesses—such as the SRA and Google employees at issue here—than the convenience of party witnesses.  *See, e.g.*, *Triller, Inc. v. ByteDance, Ltd.*, No. 6-20-CV-00693-ADA, 2021 WL 3913589, at *5 (W.D. Tex. Jul. 9, 2021).  This presumption should apply with even greater force where, as here, those third-party employees are critical witnesses regarding the technology at issue.

The convenience of the remaining technical witnesses located in Korea—i.e., such as those in SEC's SP R&D Part 1 team and SEC's designers and engineers who work on the Samsung Galaxy App Store, *see supra* § II(C)—also favors transfer to NDCA.  Traveling to WDTX requires an additional 40% more time than the trip to NDCA.  *See* Ex. 15 (showing a 10 hour, 10 minute flight from Seoul to San Francisco); Ex. 16 (showing a 12 hour, 40 minute flight from Seoul to DFW airport); Ex. 17 (showing a 1 hour, 44 minute drive from DFW airport to Waco, Texas).  Accordingly, witness convenience strongly favors proceeding in NDCA.  *See Pandora*, 2021 WL 4772805, at *3 (stating that the convenience of the witnesses is an important consideration for both party witnesses and third-party witnesses).

### 4.    Private Factor 4: Other Practical Considerations Favor NDCA

Other practical considerations that make a trial easy, expeditious, and inexpensive support transfer.  This Court has previously held that this factor favors transfer where, as here, most witnesses are present in the transferee forum and the plaintiff has no known presence in WDTX.  *Correct Transmission LLC v. ADTRAN, Inc.*, No. 6:20-CV-00669-ADA, 2021 WL 1967985, at *5

(W.D. Tex. May 17, 2021) (citing *DataQuill, Ltd. v. Apple, Inc.*, A-13-CA-706-SS, 2014 WL 2722201, at *4 (W.D. Tex. Jun. 13, 2014)).

Moreover, judicial economy supports transfer.  The relevant practical problems under this factor include those that are "rationally based on judicial economy."  *DynaEnergetics Eur. GMBH v. Hunting Titan, Inc.*, No. 6:20-CV-00069-ADA, 2020 WL 3259807, at *8 (W.D. Tex. Jun. 16, 2020).  This case is in its infancy, and the parties and the Court do not risk any significant duplicative or wasted efforts in transfer.  Further, DoDots has asserted identical claims against Apple and Best Buy in *DoDots Licensing Solutions, LLC v. Apple, Inc., et al.*, No. 6:22-cv-00533 (W.D. Tex.), also pending before the Court.   Ex. 18, Ballanco Decl., ¶ 2 (providing a table comparing the asserted claims from the two cases).  Apple and Best Buy have also moved to transfer DoDots' case against them to NDCA.  *DoDots v. Apple*, No. 6:22-cv-00533, Dkt. 60. There is no question that DoDots' claims against Samsung entirely overlap with its claims against Apple.  DoDots contends that both Apple's and Samsung's app GUI-related functionality infringed the same claims.[5]  Thus, DoDots' claims against Samsung and Apple substantially overlap as to significant matters such as, at least, claim construction and invalidity.  DoDots also alleges in both cases that Best Buy sells the products accused at its retail stores.  FAC, ¶¶ 108-11, 140, 146; No. 6:22-cv-00533 (W.D. Tex.), Dkt. 32, ¶¶ 105-08, 137, 143.  The Apple and Samsung cases also substantially overlap as to third-party discovery from inventors and prior art sources.

---

[5]    *Compare* FAC, ¶ 61 ("[E]ach Samsung-Supported App, which runs on the Accused Samsung Software contains specific information that allows the user experience (including the graphical user interface) of the Samsung-Supported App to be presented on the display of the Accused Samsung Devices.") *with* No. 6:22-cv-00533 (W.D. Tex.), Dkt. 32, ¶ 58 ("[E]ach Apple-Supported App, which runs with the Accused Apple Software contains specific information that allows the user experience (including the graphical user interface) of the Apple-Supported App to be presented on the display of the Accused Apple Devices.").

Transferring the Samsung and Apple cases together will eliminate parallel cases concerning the same patents and their claim constructions, similar accused products, and discovery (including from third parties) on the same or similar matters.  This factor therefore weighs in favor of proceeding in NDCA.  When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315.

### 5.      Public Factor 1: Administrative Difficulties Are Neutral

Although the historical speed to trial may have been quicker in this district than in NDCA, the Federal Circuit has recently made clear that speed to disposition is not "important enough to be assigned significant weight in the transfer analysis."  *Samsung*, 2 F.4th at 1380-81.  Further, this Court has nearly 40 times the patent caseload of any NDCA court.[6]  This factor is, therefore, neutral.

### 6.      Public Factor 2: Local Interest Favors NDCA

The local interest in having local issues decided at home favors NDCA.  NDCA has a strong factual connection to this action, while WDTX has no connection whatsoever.  *See Volkswagen*, 371 F.3d at 206.  The likely witnesses in this case reside primarily in NDCA (e.g., SRA and Google witnesses) or Korea (e.g., SEC witnesses), while none reside in WDTX.  *See supra* § II(B)-(C); *DataQuill*, 2014 WL 2722201, at *4; *Google*, 2021 WL 4592280, at *5 ("While some development activities took place [outside of transferee district], that does not make the transferee venue less favorable, given that none of the underlying events occurred in [WDTX].").  Also, this case directly affects the patents' NDCA-based inventors, who were "involved in the development and implementation" of the alleged inventions involving technology apparently

---

[6]   No court in NDCA was assigned more than 18 of the 145 patent cases filed in NDCA in 2022, Ex. 19, and (with one exception) 475 total cases in 2022, Ex. 20.  By comparison, the Court was assigned 669 patent cases, Ex. 21, and 893 total cases in 2022, Ex. 22.

developed in NDCA.  *See ACQIS LLC v. EMC Corp.*, 67 F. Supp. 3d 769, 779 (E.D. Tex. 2014).

Moreover, while DoDots is registered to do business in Texas, DoDots has not provided any

business address in Texas and therefore appears to have no material presence in Texas.  *Samsung*,

2 F.4th at 1378, 1380; *In re Zimmer Holdings, Inc.*, 609 F. 3d 1378, 1381 (Fed. Cir. 2010).  Thus,

in contrast to NDCA, there is no real connection between this case and WDTX.  This factor

strongly favors proceeding in NDCA.

### 7.      Public Factor 3: Familiarity with the Law Is Neutral

Both NDCA and WDTX courts are familiar with patent cases, and both courts have local

patent rules to streamline patent cases.  Thus, the familiarity with the law factor is neutral.

### 8.      Public Factor 4: Conflict of Law Is Neutral

Because there are no concerns about conflicts of law, this factor is neutral.

## V.     CONCLUSION

As explained above, this case could have been brought in NDCA, and the *Volkswagen*

factors favor transfer.  Therefore, Samsung and Best Buy respectfully request that the Court

transfer DoDots' claims against Samsung and Best Buy to NDCA.

Dated: January 11, 2023

Respectfully submitted,

FISH & RICHARDSON P.C.

By: /s/ David M. Hoffman
    David M. Hoffman
    TX Bar No. 24046084
    hoffman@fr.com
    111 Congress Avenue, Suite 810
    Austin, TX 78701
    Tel: (512) 472-5070
    Fax: (512) 320-8935

    Michael J. McKeon
    DC Bar No. 459780
    Adam R. Shartzer
    DC Bar No. 994420
    shartzer@fr.com
    Michael J. Ballanco
    VA Bar No. 87293
    ballanco@fr.com
    Ben Christoff
    christoff@fr.com
    DC Bar No. 1025635
    Irene Hwang
    CA Bar No. 344798
    hwang@fr.com
    1000 Maine Avenue, SW, Suite 1000
    Washington, DC 20024
    Tel: (202) 783-5070
    Fax: (202) 783-2331

**COUNSEL FOR DEFENDANTS,
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
BEST BUY STORES, L.P., BESTBUY.COM, LLC,
AND BEST BUY TEXAS.COM, LLC**

**CERTIFICATE OF CONFERENCE**

The parties met and conferred in good faith regarding the relief sought in this motion, and Plaintiff, DoDots Licensing Solutions LLC indicated that it would oppose this motion.

*/s/ David M. Hoffman*
David M. Hoffman

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on January 18, 2023, and it was served via CM/ECF on all counsel of record.

*/s/ David M. Hoffman*
David M. Hoffman